## HORINE et v HORINE

Ohio Appeals, 2nd Dist, Darke Co

No 435. Decided Jan 11, 1934

S. E. Mote, Greenville, for plaintiff in error.

Billingsley & Mannix, Greenville, for defendant in error.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the Court of Common Pleas of Darke County, Ohio. The subject of the controversy herein arose in the Probate Court of Darke County, Ohio in a proceeding entitled "In the matter of designation of heir at law— Laura Daisy McLear—by Martha Horine (§10503-12 GC)".

In the Common Pleas Court attention was called to the impropriety of changing the title from the correct procedural heading in the Probate Court to an adversary form in the Common Pleas Court.

We fully agree with this observation. Noah Horine should not be considered a party plaintiff in the original action in the Probate Court nor can he properly be considered a party defendant in error in the Common Pleas Court or in this court. In no sense is there an adversary proceeding. The erroneous idea arose by reason of the fact that Noah Horine filed an application in the Probate Court representing he was familiar with the affairs of Martha Horine having acted under power of attorney in the management and control of her business and further setting out that on the 27th day of March, 1933, at the time said Martha Horine filed a purported designation of a legal heir in said court she was not of sound mind and memory and by reason of advanced age and physical and mental condition was not physically and mentally able to understand the purport and effect of the purported designation and that such designation was not the free and voluntary act of Martha Horine. Counsel and the Probate Court apparently treated this application as controversial. Demurrer and motion was filed setting forth four different grounds for the dismissal of the application. We agree fully that Noah Horine did not have the right or power to sue individually; that he had no vested interest as an heir in expectancy; that he did not have the right to invoke the jurisdiction of the court. However, this is not at all determinative of the power of the Probate Court or the correctness of its action in setting aside his orders, findings and judgment previously made.

He did have the right to act sua sponte.

Whenever a court acts sua sponte in correcting or modifying its orders and judgments, it always obtains its information for starting inquiry from some source. This activity on the part of the Probate Court may be inspired by oral or written statements from perfect strangers to the interested parties or by a writing from a close relative as in the instant case. It makes no difference that the writing is headed "Application" and seeks to invoke the jurisdiction of the court as an adversary proceeding. It does not invoke the jurisdiction of the court and should not be so considered. If the court does proceed to make inquiry it is purely a sua sponte action on the part of the court.

In the light of this understanding the proceeding is to inquire as to whether or not we find any prejudicial error.

In addition to the above, the following will present a brief narrative of the facts.

On March 27, 1933 there was filed in the Probate Court a document signed by Martha Horine and attested by M. O. Crawford and George Farst as disinterested witnesses purporting to designate and appoint Laura (sometimes known as Daisy) McLear to stand in the relation of daughter and heir at law in the event of death. The document was regular in form as is provided by §10503-12 GC. On the same day the Probate Court journalized the following entry:

"This day, being March 27th, 1933, appeared before me, the undersigned Judge of the Probate Court of Darke County, Ohio, one Martha Horine, residing at Butler Township, in said county, and in my presence and in the presence of M. O. Crawford and George Farst, who are disinterested persons and acquaintances of the said Martha Horine, she, the said Martha Horine, did file a written declaration subscribed by her and attested to by the said M. O. Crawford and George Farst, declaring that she, as a free and voluntary act, did designate and appoint Laura (Daisy) McLear of Butler Township, Darke County, Ohio, to stand toward her in the relation of a daughter and heir-at-law, in the event of her death. And I, the judge, being satisfied that such declarant, the said Martha Horine, is of sound mind and memory, and free from any restraint, do hereby order that such facts be entered upon the journal of said Probate

Court, and that a complete record of such proceedings be made."

The case of Bird et v Young, 56 Oh St, 210, was an action wherein there had been a designation of heir under the provisions of §4182 Revised Statutes (now §10503-12 GC). The opinion of Judge Spear contains many helpful declarations. The proceeding is purely ex parte. It bears resemblance to proceedings in rem which fixes the status of a person as in lunacy or insolvency proceedings. The action of the Probate Court is quasi judicial insofar as he is required to determine that he is satisfied that the declarant is of sound mind and memory and free from any restraint.

If the declarant is under a restraint, the action is not only a fraud upon her but also upon the court. Any judgment procured by fraud may be attacked either directly or collaterally. §10503-12 GC in the last paragraph refers to the impeachment of the order for actual fraud or undue influence. Probate Courts just as Common Pleas Courts have control of their orders and judgments during term. §10501-17 GC.

It appears that the order of reversal by the Probate Court was not entered at the same term in which the original order was made, but the transcript of the docket and journal entries clearly show that the inquiry was started during the same term, but not decided and journalized until the early part of the preceding term. We do not think that this question is material since, as heretofore stated, the proceeding is entirely ex parte.

No pleading to vacate or modify could be filed either before or after term.

The Probate Court permitted the matter to proceed as an adversary hearing, although under the law it could only be considered as sua sponte.

The following was the order of the Probate Court:

"This day this matter came on to be heard upon the application of Noah Horine to have the entry heretofore filed in this cause, on March 27th, 1933, vacated, set aside and held for naught; and the same was submitted to the court upon the application and the evidence, and upon consideration thereof, the court finds said Martha Horine was not fully advised, did not realize or intend to give to Laura McLear all her property, and that the said Martha Horine was under undue influence at the time of the execution of the document involved; and the court by reason of said finding does,

therefore, sustain said application and order that the previous entry filed in this cause on March 27th, 1933, be vacated, set aside and held for naught. To all of which order and findings, the said Laura Daisy McLear excepts. Motion for new trial filed. Same overruled, exceptions by Laura Daisy McLear et. On application of Laura Daisy McLear, the appeal bond is fixed at $200.00."

We do not have before us a bill of exceptions containing the evidence taken by the Probate Court. Therefore we must assume that the record was sufficient to sustain the findings of fact as narrated in the above entry.

We find no prejudicial error requiring a reversal.

Judgment order of the court below will be sustained and cause remanded.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON APPLICATION FOR REHEARING

Decided Jan 17, 1934

By THE COURT

The above entitled cause is now being determined on application of plaintiff in error for rehearing. We have carefully considered the memorandum in support of application for rehearing. We find nothing therein not considered and covered in the original opinion.

It is not the ministerial act of recording which was referred to as a quasi judicial act of the Probate Court as indicated in Bird v Young, 56 Oh St, 210. It is the determination that is the quasi judicial act that he be satisfied that the declarant is of sound mind and memory and free from any restraint. The legislation giving the Probate Court control over their judgments the same as Common Pleas Court is rather of recent origin. It was not necessary that the court use the term "fraud" in his order setting aside the former order. The finding that the court did make as a basis for setting aside the order, constituted a fraud. §11634 GC refers to proceedings in the Common Pleas Court and Court of Appeals. The provisions of §10501-17 GC refer to Probate Court and by its general terms may invoke the provisions of the law applicable to Common Pleas Courts in a proper case. Reference is made in the original opinion to the rights of the Probate Court where acting sua sponte. The question of the abuse of a discretion of a Probate

Court may always be reviewed. As indicated in the original opinion we did not have before us the record upon which the court based its finding and therefore it must be assumed that the facts supported his conclusions of fact. The motion for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.